IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KECHI EMELIKE, Individually and On Behalf of All Others Similarly Situated | § § § | |
| Plaintiff, | § § | |
| v. | § | |
| TRUMPS, INC. d/b/a CLUB ONYX, RICK'S CABARET INTERNATIONAL, INC., RCI ENTERTAINMENT (Dallas), Inc., RCI ENTERTAINMENT (Texas), Inc., JOINT VENTURES, INC., RCI DINING (DFW), LLC, RCI ENTERTAINMENT (Northwest Highway), INC., and ERIC S. LANGAN, individually | § § § § § § § § § § § | Civil Action No. 3:15-cv-1728 |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Kechi Emelike, on behalf of herself and all others similarly situated, brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### I.   NATURE OF SUIT

1.   The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945)(discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. This case implicates Defendants Trumps, Inc. d/b/a Club Onyx; Rick's Cabaret International, Inc.; RCI Entertainment (Dallas), Inc.; RCI Entertainment (Texas), Inc.; RCI Entertainment (Northwest Highway), Inc.; RCI Dining (DFW), LLC; Joint Ventures, Inc.; and Eric S. Langan (hereinafter "Defendants") and their longstanding policy of misclassifying Plaintiff and their employees as independent contractors. Defendants violated the FLSA by classifying these employees as independent contractors and failing to pay those employees at time-and-one-half their regular rates of pay for all hours worked within a workweek in excess of forty hours. *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993). Furthermore, Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision as does Defendants' practice of siphoning away those tips to distribute to non-tip eligible employees. *See* 29 U.S.C. §§ 203, 206. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.  PARTIES

3. Plaintiff Kechi Emelike is an individual who was employed by Defendants within the meaning of the FLSA within the three year period preceding the filing of this complaint. She hereby consents to be a party in this action and her consent form is attached as "Exhibit A."

4. The Class Members ("entertainers" or "employees") are all current and former entertainers who worked at any of Defendants' Texas locations at any time during the three year period before the filing of this Complaint who have not previously settled their claims in a prior lawsuit against Defendants.

5. Defendant Trumps, Inc. d/b/a Club Onyx ("Club Onyx") is a domestic corporation doing business in Texas for the purpose of accumulating monetary profit. Service of process can be

effectuated upon Defendant's registered agent: Robert D. Axelrod, 5300 Memorial Drive, Suite 1000, Houston, Texas 77007 or wherever else he may be found.

6. Defendant Rick's Cabaret International, Inc. a domestic corporation doing business in Texas for the purpose of accumulating monetary profit. Service of process can be effectuated upon Defendant's registered agent: Robert D. Axelrod, 5300 Memorial Drive, Suite 1000, Houston, Texas 77007 or wherever else he may be found.

7. Defendant RCI Entertainment (Dallas), Inc. is a domestic corporation doing business in Texas for the purpose of accumulating monetary profit. Service of process can be effectuated upon Defendant's registered agent: Robert D. Axelrod, 5300 Memorial Drive, Suite 1000, Houston, Texas 77007 or wherever else he may be found.

8. Defendant RCI Entertainment (Texas), Inc. is a domestic corporation doing business in Texas for the purpose of accumulating monetary profit. Service of process can be effectuated upon Defendant's registered agent: Robert D. Axelrod, 5300 Memorial Drive, Suite 1000, Houston, Texas 77007 or wherever else he may be found.

9. Defendant Joint Ventures, Inc. is a domestic limited liability company Texas for the purpose of accumulating monetary profit. Service of process can be effectuated upon Defendant's registered agent: Robert D. Axelrod, 5300 Memorial Drive, Suite 1000, Houston, Texas 77007 or wherever else he may be found.

10. Defendant RCI Entertainment (Northwest Highway), Inc. is a domestic corporation doing business in Texas for the purpose of accumulating monetary profit. Service of process can be effectuated upon Defendant's registered agent: Robert D. Axelrod, 5300 Memorial Drive, Suite 1000, Houston, Texas 77007 or wherever else he may be found.

11. Defendant RCI Dining (DFW), LLC is a domestic corporation doing business in Texas for the purpose of accumulating monetary profit. Service of process can be effectuated upon Defendant's registered agent: Curtis B. Wise, 2032 Reserve Court, Flower Mound, Texas 75028 or wherever else he may be found.

12. Defendant Eric S. Langan is an individual residing in Texas. Service of process can be effectuated on Defendant at the following address: 2502 Baywater Canyon Drive, Pearland, Texas 77584 or wherever else he may be found.

### III. JURISDICTION

13. This action arises under the Fair Labor Standards Act and this Court has jurisdiction as the matter presents a federal question.

### IV.   VENUE

14. Venue is proper in the Northern District of Texas because Defendants, are located in, do business in, or reside in this District, and the events forming the basis of the suit occurred in this District.

### V.   COVERAGE

15. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, Defendants have been an enterprise or enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r)

18. At all times hereinafter mentioned, Defendants have been an enterprise or enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section

3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich*, 998 F.2d 324.

## VI.   FACTUAL ALLEGATIONS

20. Defendants jointly operate a family of gentlemen's clubs that do more than $500,000.00 in business each year and operate throughout the United States. They advertise themselves as such at www.rickscabaret.com. The fact that they run each club identically and their customers can expect the same kind of entertainment service regardless of the location is one of Defendants' main advertising selling points. In fact, Defendants use one website to provide their clubs' information, events, and specials for all club locations.

21. Defendants represent themselves to the general public as one club – Rick's Cabaret – operating at multiple locations throughout Texas and the United States. They share employees, have common management, pool their resources, operate from the same headquarters, have common ownership, and have the same operating name. They share many of the same entertainers to draw in customers. The "Club Onyx" family of clubs exists under Defendants' control and direction. They share a common business purpose of providing entertainment and companionship to their patrons as well as unified operations at all the club locations. This family

of clubs provides the same service product to its customers by using a set formula when conducting its entertainment business. Part of that set formula is the wage violation alleged in this complaint. These facts represent a classic example of "corporate fragmentation." Thus, the Defendants formed a "single enterprise" and are each liable for the violations of the other.

22. The primary function of all Defendants is to operate an exotic entertainment business.

23. Defendants' employees have sold goods - such as alcoholic beverages, cigars, and a variety of foods— that have been moved or produced in interstate commerce to Defendants' patrons. Additionally, Defendants' employees have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendants' business operations.

24. Defendant Rick's Cabaret International, Inc. is the parent company inclusive of Defendant Trumps, Inc. d/b/a Club Onyx, Defendant RCI Entertainment (Dallas), Inc., Defendant RCI Entertainment (Texas), Inc., RCI Entertainment (Northwest Highway), Inc., and many other companies.

25. Defendants Rick's Cabaret International, Inc., Joint Ventures, Inc. and Eric S. Langan control or facilitate the operations, pay structure, and employment relationships of the Defendants and, thus, of the Plaintiff and Class Members.

26. Defendant Eric S. Langan had, at all times relevant to this lawsuit, the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures. Additionally, he was responsible for the day-to-day affairs of the clubs. In particular, he was responsible for determining whether the clubs complied with the Fair Labor Standards Act.

27.     Plaintiff was employed by Defendants as an entertainer during the three years prior to filing this lawsuit and from approximately March of 2011 until November of 2013 in Dallas, Texas.  She was paid on a customer tip pool basis.  Plaintiff never received overtime pay for hours worked in excess of 40 in a work week and received hourly compensation below the minimum wage.   Plaintiff was employed by Defendants within the applicable statute of limitations.

28.     Plaintiff and Class Members have all been victimized by Defendants' common policy and plan to violate their rights under the FLSA by denying them minimum wage, proper overtime compensation, and the tips they lawfully earned.

29.     The entertainers of Defendants' establishments are, like Plaintiff, compensated exclusively through tips from Defendants' customers.  That is, Defendants do not pay the entertainers whatsoever for any hours worked at their establishments.

30.     Furthermore, Defendants charge the entertainers a "house fee" per shift worked. Defendants also require the entertainers to share their tips with non-service employees who do not customarily and regularly receive tips, including the disc jockeys and the managers.

31.     Finally, Defendants encourage their customers to tip the entertainers using house certificates rather than cash. These certificates are redeemable at any of the Rick's Cabaret locations.  Under this system, customers purchase certificates from the club.  Customers then redeem the certificates for dances.  When the entertainers turn in the certificates to the clubs for cash, Defendants do not return the full value to an entertainer.  Instead, Defendants retain a portion of the tips.  This results in Defendants taking a portion of the tips that should have been paid to the entertainer.

32. Defendants illegally classified the entertainers as independent contractors. However, at all times, the entertainers were non-exempt employees of Defendants as that term is defined by the FLSA and relevant case law. *See e.g.*, *Reich*, 998 F.2d 324.

33. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the entertainers.

34. In addition, Defendants instructed the entertainers about when, where, and how they were to perform their work.

35. The following facts further demonstrate the entertainers' status as employees:

   a. Defendants have the sole right to hire and fire the entertainers;

   b. Defendants required entertainers to complete an employee application as a perquisite to working at their clubs;

   c. Defendants provided the entertainers with music equipment and a performing stage;

   d. Defendants supervised the entertainers;

   e. Defendants scheduled entertainers and as such had sole control over their opportunity for profit;

   f. Defendants maintain a rigid dress code and certain appearance standards that the entertainers are required to follow and maintain;

   g. Defendants require the entertainers to dance to certain songs selected by the establishments' management;

   h. Defendants require the entertainers to arrive by a certain time and apply fines to the entertainers if they fail to follow Defendants' schedule; and

        i. The entertainers were hired as permanent employees and have worked for Defendants for years.

36. Although Plaintiff and Class Members are required to and do, in fact, frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Defendants and thus, Defendants violate the minimum wage requirement of the FLSA. *See* 29 U.S.C. § 206.

37. Defendants further violated the FLSA by requiring Plaintiff to pay a fee to Defendants to work. This fee of hundreds of dollars per day had to be paid regardless of whether entertainers earned enough to cover the fee. Until such fees are repaid, Defendants cannot meet the minimum wage and overtime provisions of the FLSA as such fees are illegal kickbacks to Defendants or are otherwise impermissible.

38. Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was willful. Defendants misclassified Plaintiff and Class Members with the sole intent to avoid paying them in accordance to the FLSA.

### VII.   COLLECTION ACTION ALLEGATIONS

39. As part of their regular business practices, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

40. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other entertainers, many who also

worked at Defendants' different locations.  As such, Plaintiff has first-hand knowledge of the same pay violations throughout Defendants' multiple establishments.

41.   At least 500 entertainers work or have worked at Defendants' establishments throughout Texas within the previous three years.

42.   Although Defendants permitted and/or required Plaintiff and the Class Members to work in excess of forty hours per workweek, Defendants have denied the entertainers full compensation for their hours worked over forty.  Defendants have also denied them full compensation at the federally mandated minimum wage rate.

43.   Defendants also required Class Members to share their tips by paying fines and house fees in the same manner it required Plaintiff to do so.  Under the FLSA, Defendants are required to return all such misappropriated tips in addition to paying minimum wages.

44.   Class Members perform or have performed the same or similar work as Plaintiff.  In particular, Plaintiff and Class Members all worked as exotic entertainers under the same conditions and subject to the same violations of the FLSA.

45.   Class Members regularly work or have worked in excess of forty hours during a workweek.

46.   Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.  Like Plaintiff, Class Members are also subject to Defendants' baseless classification as independent contractors.

47.   Defendants' classify all (100%) of their entertainers as independent contractors.

48.   As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

49.     Defendants' failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

50.     The experiences of Plaintiff, with respect to her pay, is typical of the experiences of the Class Members.

51.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

52.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

53.     All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

54.     Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula.

55.     The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

## VII.   FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

56.     During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates no less than one and one-half times the regular rates for which they were employed and by failing to pay them

minimum wages. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law. Under 29 U.S.C. § 216, Plaintiff and the Class Members are entitled to recover unpaid minimum wage compensation, unpaid overtime compensation, as well as an equal amount as liquidated damages.

## VIII.   RELIEF SOUGHT

57.   WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a.   For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join in the suit); and

b.   For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c.   For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

d.   For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

___/s/ *J. Derek Braziel*_____
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar St. Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelayer.com
**ATTORNEYS FOR PLAINTIFF**